[No. 4109. Decided July 9, 1902.]

F. L. CARR, *Respondent*, v. OWEN JONES, *as Executor, Appellant*.

CAUSE OF ACTION — RECOVERY OF PAID NOTE.

In an action to recover possession of a promissory note which had been executed by plaintiff to defendant, the complaint is not demurrable because it shows the note has been paid, since its possession by the maker, even after payment, has some elements of value to him.

EVIDENCE — EXPLANATION OF WRITTEN INSTRUMENT BY PAROL.

Under the rule that parol testimony is admissible to explain the terms of a doubtful written instrument, which is capable of different constructions, such testimony is admissible for the purpose of showing that a provision in a promissory note for $240, "payable in case taxes on Bank of Montesano personal property are not rebated on or before that time [date of maturity], or such part of the above sum as may not be rebated on or before that date," intended by the use of the term "above sum" to refer to the amount of the promissory note, and not to the amount of taxes.

SAME — PROOF OF REBATE OF TAXES — HARMLESS ERROR.

In an action to recover possession of a promissory note, which was payable only in case certain personal property taxes were not rebated, the admission of plaintiff's testimony as to the manner of the reduction was not prejudicial error, where the evidence showed that a reduction had in fact been made, which was accepted and acted upon by defendant, since the burden was thereby cast upon defendant to show the illegality of the reduction.

WITNESS — TRANSACTIONS WITH DECEASED — PARTY IN INTEREST.

Bal. Code, § 5991, which provides that a party to a transaction with a deceased person shall not testify thereto, when the adverse party sues or defends as executor, administrator, or legal representative of such deceased person, will not preclude the stockholders and directors of a bank from testifying concerning a note given by another stockholder to a deceased person for the purpose of protecting him against loss on a purchase of some of the bank assets, when such witnesses were not parties in any way to the note given and without financial interest in the result of the litigation, and the liability thereon had been wholly assumed by the maker alone.

Appeal from Superior Court, Chehalis County.—Hon. OLIVER V. LINN, Judge. Affirmed.

*J. A. Hutcheson* and *Greene & Griffiths,* for appellant.
*George D. Schofield* and *J. B. Bridges,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—Appellant is the executor of the estate of G. W. Hertges, deceased. Respondent is maintaining

this suit against appellant to recover possession of a certain promissory note or written obligation, of which the following is a copy:

"Bank of Montesano, Montesano, Wash., Feb'y 15, 1897.

On or before May 15, 1897, I promise to pay to G. W. Hertges, or order Two Hundred and Forty Dollars for the account Bank of Montesano, Montesano, Wash. Value received. Payable in case taxes on Bank of Montesano personal property are not rebated on or before that time, or such part of the above sum as may not be rebated on or before that date.                     F. L. Carr."

The amended complaint alleges that on or about the 15th day of February, 1897, respondent was a stockholder and a member of the board of directors of the Bank of Montesano, a corporation doing business in Montesano, Chehalis county, Washington, and that on or about that date the said bank made a sale of a portion of its assets to said Hertges in consideration of his assuming certain liabilities due from said bank to its creditors; that among the liabilities of said bank was an item of personal property taxes for the year 1895, then due, in the aggregate sum of $842.78; that the said item made the liabilities assumed by Hertges exceed the amount of assets purchased by him in the sum of $240, and that said note in question was made by respondent to said Hertges as a guaranty that said item of taxes would be rebated by the board of county commissioners, on account of excessive taxation, in at least the sum of $240, and so that the assets received by him in said sale would equal the liabilities assumed by him; that, in case no rebate of said taxes was secured, then respondent was to be liable upon said note in the amount of the face thereof, but that it was then and there agreed between respondent and said Hertges, that, should said personal property taxes for said

year be rebated in the sum of $240, then said note was to
be returned to respondent, and the same was given and
received as a guaranty only that said taxes would be re-
bated in at least said amount; that after the making of
the note, and prior to its maturity, the taxes were duly
rebated by the board of county commissioners of said
county and by the city council of Montesano in such man-
ner and form as to reduce the said sum of $842.78 by
more than $240, and that said reduction constituted the
happening of the event whereby respondent was entitled
to a surrender of said note; that said taxes were reduced
in such an amount and were liquidated for such a sum,
less than the original amount, as to save said Hertges
harmless upon said purchase of assets, and so as to bring
the liabilities assumed by him as aforesaid with-
in the aggregate amount of assets received by
him in said sale; that respondent is now the
owner of the note, and is lawfully entitled to
its possession, but that the same is wrongfully detained
from him by appellant; that the note has no actual value,
save and except that upon its face it purports to be an
item of indebtedness against respondent; that respondent
has demanded the surrender of the note, which has at
all times been refused.    Judgment is prayed for the face
amount thereof in case a delivery cannot be had.    The
answer admits the execution of the note as above set out,
but denies generally other material allegations of the
complaint.    It also contains an affirmative defense, which
is denominated a "counter-claim," in which it is alleged
that said note was given to save said Hertges harmless
from the whole of the unpaid taxes against the bank; that
when the note matured there was due and unpaid of taxes
against the bank more than the sum of $240, which has
never been paid by respondent, or by any one in his be-

half; and judgment is demanded against respondent for
said sum with interest on the note. The cause was tried
by the court without a jury, and judgment rendered in
favor of respondent, from which this appeal was taken.

It is assigned as error that the court overruled the de-
murrer to the amended complaint. The only point sug-
gested under this assignment is that according to the com-
plaint the note was paid, and was therefore valueless.
Appellant submits that there is no affirmative remedy to
recover such valueless paper. We think the point is not
well taken. When an outstanding note has been paid, it
is not only the right of the maker to have possession
thereof, but it is a duty he owes to himself and others to
secure control of it, and thus prevent any possibility that
it may, by mistake or otherwise, pass into the hands of a
purchaser. Timely care in the exercise of such right may
prevent subsequent troublesome litigation. The demurrer
was properly overruled.

It is next assigned that the court erred in admitting
evidence to vary and contradict the terms of the note.
The evidence referred to related to what was intended by
the language of the note and by the parties, as alleged in
the complaint. The court expressly stated that the evi-
dence was not admitted to vary the terms of the instru-
ment, but for the purpose of explaining what was in-
tended by the writing. It was the view of the court that
the language used in the note was ambiguous, by reason
of the use of the words "or such part of the above sum as
may not be rebated," without stating to what the words
"above sum" related. The court held that parol evidence
was necessary to explain whether said words related to
the sum mentioned as the amount of the obligation of the
note, or to the amount of taxes referred to therein. Stand-
ing alone and unexplained, the note, in the respect men-

tioned, it seems to us, is indefinite and uncertain, and is easily susceptible of two constructions. It was, therefore, proper to admit oral testimony to explain the terms of the note in the light of the intention of the parties when it was made. Appellant urges the well-known rule that parol evidence is inadmissible to contradict or vary the terms of a valid written instrument, and the authorities cited are to that point. The rule is probably one of universal application. The writing cannot be contradicted or varied by parol evidence, and when its meaning is unmistakable no parol testimony is needed or proper. But when the language is such as renders its meaning doubtful, resort must be had to other testimony in order to ascertain the meaning and intent of the parties by the language used. Such evidence is restricted to the interpretation of the language used, and its only purpose is to enable the court or jury to determine what the language really means. Wharton, Evidence (3d ed.), § 937, and cases cited. We think the court did not err in admitting the testimony for the purpose for which it was received and considered in this case.

It is next assigned that the court erred in admitting the testimony of respondent and other witnesses on the ground that the payee of the note is dead, that appellant is his executor, and that the witnesses are interested in the controversy. It is urged that the testimony was admitted in violation of the provisions of § 5991, Bal. Code, which precludes a party in interest or to the record from testifying as to any transaction had by him with, or any statement made to him by, a deceased person, when the adverse party sues or defends as executor, administrator, or legal representative of such deceased person. The testimony of respondent himself as to such transactions and statements was all stricken by the court, and was not considered,

which cured any error as to any of respondent's own tes-
timony. Other witnesses testified as to the transaction and
as to statements made by the deceased. These witnesses
were stockholders or directors of said bank at the time the
aforesaid sale of assets was made. They were interested,
no doubt, to see that the sale was made; but they were in no
way parties to the note given by respondent, and assumed
no liability thereon. That was respondent's individual
obligation only, and was a transaction between him and
the deceased alone. The evidence shows that any consid-
eration which may have existed between respondent and
the witnesses in relation to the note had already passed, and
that respondent assumed the obligation absolutely as his
own. The witnesses have no financial interest in the result
of this litigation one way or the other. The mere fact
that respondent assumed the obligation of this note, what-
ever may be the meaning of its terms, was mutually treated
by respondent and the witnesses as a cancellation of an
obligation already due from him to them; and whether he
shall be compelled to pay the whole or any part of the note
is of no interest to them. No claim for contribution can
arise in favor of respondent and against the witnesses, for
the reason that, before the note was given, respondent had
received from the witnesses the full amount of any consid-
eration upon which such claim of contribution can be
based. We are unable to see that the witnesses have any
interest in the controversy, within the meaning of the
statute, and therefore think the court did not err in re-
ceiving their testimony.

The next error assigned is that evidence was admitted to
prove that a rebate of taxes was made. It is insisted that
the note referred to a lawful rebate, and that proof of an
order of the county commissioners or city council was not
evidence of a lawful rebate. It was the view of the super-

ior court that inasmuch as the deceased accepted the benefit of such rebate or reduction, and settled the taxes on that basis, receiving receipts purporting to be in full cancellation of the whole tax, without raising objection to the manner in which the reduction was obtained until after the maturity of the note, his executor cannot now attack the manner of such reduction in this action. It was further the view of the court that when respondent had shown that the treasurer had accepted from the deceased a reduced sum for the taxes, and had receipted in full for the whole tax, which settlement was accepted and acted upon by the deceased, the burden then devolved upon appellant to show that the treasurer was not legally authorized to accept such reduced sum in cancellation of the whole tax. We think, in any event, the latter view is correct, and that in the introduction of respondent's case evidence as to the manner of the reduction was immaterial, when it was shown that a reduction was in fact made, which was accepted and acted upon by the deceased. The admission of respondent's testimony in relation to the manner of the reduction was therefore no more than harmless error.

It is last assigned as error that the court denied the motions for non-suit and for new trial and rendered judgment for respondent. We think the evidence was sufficient to support the court's finding that the meaning of the language used in the note was to secure said Hertges for the excess of liabilities assumed by him over the assets transferred to him in his deal with the bank of Montesano, and that, in case a rebate or reduction of personal property taxes equal to or in excess of $240 was obtained, the note was to be returned to the maker; that, if a less amount of reduction was obtained, such less amount should be credited upon the note, and respondent should be liable for the difference. The evidence showed a settlement of the taxes

for a sum less than the original amount by more than $240. The court's conclusion, therefore, was that there is no longer any obligation existing upon the note, and that respondent is entitled to its possession. It is appellant's contention that respondent remained obligated upon the note as long as any portion of the tax was not rebated or paid, provided that he should not be liable for more than the amount stated in the note. Respondent's evidence was, however, to the contrary, and the motion for non-suit was properly denied. The court also found the preponderance of the evidence to be against appellant's contention, and we think the finding is sustained by the evidence as it appears in the record.

The questions involved in the motion for new trial have already been discussed. We believe no material error was committed, and the judgment is affirmed.

REAVIS, C. J., and DUNBAR, FULLERTON, ANDERS, MOUNT and WHITE, JJ., concur.